MICHAEL SOWADA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sowada v. Commissioner
Docket No. 10570-84.
United States Tax Court
T.C. Memo 1985-354; 1985 Tax Ct. Memo LEXIS 280; 50 T.C.M. (CCH) 448; T.C.M. (RIA) 85354; July 18, 1985. Jack Forsberg, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This case is before the Court on respondent's mnotions to dismiss for failure of petitioner properly to prosecute and for the award of damages to the United States under section 6673. [1]
By notice of deficiency dated January 19, 1984, respondent determined the following deficiencies in and additions to *281 petitioner's Federal income tax: Additions to Tax
Year
Deficiency
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654
§ 6661
1981
$6,524.00
$1,631.00
$326.20
[1]
$499.91
1982
6,960.00
1,740.00
348.00
[2]
677.62
$696.00
Petitioner, Michael Sowada, resided in Rice, Minn., when he timely filed his petition herein on April 19, 1984. In his petition, petitioner alleged, inter alia, that he was not liable for the deficiencies and additions to tax because he had "claimed his constitutional rights" including his "right against self-incrimination." Petitioner attached to his petition copies of Forms 1040 which he had filed with the Internal Revenue Service Center at Ogden, Utah, purporting to be his Federal income tax returns for 1981 and 1982. On the lines provided on such Forms 1040 for the amount of his income, deductions, credits and other tax information, petitioner had typewritten the phrase "OBJECT: SELF-INCRIMINATION." On June 1, 1984, respondent filed a Motion to Dismiss for Failure to State a Claim upon Which Relief *282 Can Be Granted in which he asserted that the petition was not in conformity with the requirements of Rule 34(b). However, petitioner filed an Amended Petition on June 25, 1984, and Court denied respondent's motion on June 28, 1984. Respondent filed his Answer to the Amended Petition on July 23, 1984, and petitioner filed a reply to respondent's answer on August 23, 1984. Respondent thereafter commenced discovery procedures as permitted by this Court's rules. See Rules 34, 36, 38, 70(a)(2) and 90(a). He attempted to attain the objectives of formal discovery through informal requests, consultation, or communication with petitioner as required by this Court's rules and the mandates of its opinions. [2] However, those attempts proved fruitless, and on December 5, 1984, respondent served on petitioner a Request for Production of Documents and a set of Interrogatories. Those discovery requests sought information relevant to the issues in this case. When petitioner failed to comply with *283 respondent's discovery requests, respondent filed motions with the Court on February 6, 1985, for an order either compelling compliance therewith or imposing sanctions. Copies of such motions were served on petitioner by the Court on February 11, 1985, and petitioner was granted until February 21, 1985, to file any objection thereto. When no objection from petitioner was received, the Court issued an order on March 14, 1985, which directed petitioner to reply to the discovery requests on or before March 21, 1985. However, petitioner did not comply with this order. Trial of this case was set for March 26, 1985, at a trial session of a Court in St. Paul, Minn. Petitioner had been so notified by this Court's Notice Setting Case for Trial, served upon him on January 9, 1985, which included the following paragraphs: The calendar for that Session will be called at 10:00 a.m. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory *284 basis, the parties, before trial, must agree in writing to all facts and all documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. Despite this notice from the Court, petitioner did not thereafter cooperate in the preparation of a stipulation of facts relating to the dispute herein. Moreover, petitioner failed to appear when this case was called on March 26, 1985, nor did he explain his absence. At that time, respondent orally moved to dismiss the case for failure of petitioner to appear or otherwise properly to prosecute his case pursuant to Rules 123(b) and 149(a), which provide as follows: Rule 123(b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party *285 any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * Rule 149(a) Attendance at Trials: The unexcused absence of a party or his counsel when a case is called for trial will not be ground for delay. The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties. In light of petitioner's conduct in this proceeding, and, particularly considering his failure to comply with our order directing compliance with respondent's discovery requests, and his failure to appear when this case was called for trial, we conclude that dismissal is appropriate. Accordingly, respondent's motion to dismiss will be granted. [3]
*286 Respondent has also moved for damages under section 6673. That section, as applicable herein, provides that the Court may award damages to the United States of up to $5,000 when the proceeding has been instituted or maintained by the taxpayer primarily for dealy or if the taxpayer's position in such proceeding is frivolous or groundless. We have decided in our discretion not to impose damages in this case. However, we advise petitioner that in the event he should institute another case in this Court and maintain it as he has the present case, we will seriously consider, even upon our own motion, an award of damages which could be as high as $5,000. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. Fifty percent of the interest due on $6,524.00. ↩
2. Fifty percent of the interest due on $6,960.00↩
2. See ; ; Rule 70(a)(1).↩
3. Petitioner's failure to properly prosecute this case has operated to his own detriment. We note that on February 22, 1985, counsel for respondent had sent to petitioner a proposed stipulation of facts in which he was apparently willing to allow petitioner five personal exemptions for his spouse and dependents for each of the years in issue, which had not been originally allowed in the statutory notice of deficiency. Had petitioner agreed to the proposed stipulation of facts and properly proceeded in this case, he would have had the benefit of such exemptions, which would have caused his tax liability to be significantly lower than determined in the notice of deficiency. Since he failed to do so, however, we dismiss his case, with the effect that decision will be entered for respondent in the amounts set forth in the notice of deficiency. See sec. 7459(d), Rule 123(b). See also .↩